This is an appeal by tbe claimant, Thomas Musto, from a decision of tbe Workmen’s Compensation Board, dated September 19, 1955 reversing a prior decision of tbe referee, dated May 25, 1954 disallowing tbe claim on tbe grounds that claimant did not sustain an accident arising out of and in tbe course of bis employment. Tbe accident is supposed to have happened on April 2, 1953, while tbe claimant, a painter, was working for bis employer, Vincent Sanzone. Tbe employer produced bis payroll records to show tbe claimant was not working on tbe day in question. Tbe manner in which tbe accident, if any, happened, is described differently. Claimant admits that be asked bis employer to say that be fell off a defective ladder belonging to owner so that he could bring a suit against the owner. At one time, April 9, claimant told bis employer be suffered from a “ eharley horse”. His first claim for compensation was dated May 27, 1953. With reference to the medical testimony, be admitted bis baek was first injured in 1946. He admitted to an automobile accident in 1949 but said be made no claim for hurting or injuring bis baek. Dr. James H. Kidder testified be examined tbe claimant for injuries as a result of tbe aceident and that be claimed baek pain and disability. These are just a few of the controversial matters with which tbe record redounds, and tbe whole matter in controversy became a question of credibility as to all phases of tbe claim of Musto and tbe board decided against him. There is no basis for this court to do anything but affirm. As was said in Matter of Jelfo v. Modello & Son (3 A D 2d 782): “ Credibility is solely within tbe province of the board.” Decision unanimously affirmed, without costs.
Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.